## George Dismukes *vs.* Susan Dismukes.

## April Term, 1873

DIVORCE—PETITION.—It is not a sufficient compliance with the provision of the Code, § 2452, requiring the causes of divorce to be set forth particularly and specially, with all the circumstances of time and place with reasonable certainty, to allege that " on the — day of 1872 and 1873 the defendant committed adultery with one A. H., and divers other persons to the petitioner unknown, as petitioner is informed and believes."

SAME, SAME.—An allegation that " the defendant is now a common prostitute," would be sufficient if sustained by proof.

SAME, EVIDENCE.—Before the court can grant a divorce for adultery, it must affirmatively appear, by satisfactory proof of good character or otherwise, that the plaintiff has not been guilty of the like crime, or of any of the acts mentioned in the Code, section 2460, subsec. 2, 3, 4.

—— *Brown*, for complainant.

THE CHANCELLOR :—This is a petition for divorce upon the ground of wilful and malicious desertion for two whole years, and also because " on the — day of —, 1872 and '73 the defendant committed adultery in said county with one Andrew Harris, and divers other persons to petitioner unknown, as petitioner is informed and believes, and he charges that she is now simply a common prostitute."

The proof not only fails to make out a case of wilful and malicious desertion, on the part of the defendant, but does clearly establish that he deserted her, though perhaps not without cause. Of course, the application fails on this ground.

I have recently held in *Horne* v. *Horne* (*ante*, p. 259), that under § 2452 of the Code, and the decisions of the supreme court, the cause of divorce relied on must be " set forth particularly and specially," with all " the circumstances of time and place, with reasonable certainty." The petitioner is not compelled to rely upon any one charge, but may set forth any number of them, identifying each of them by such particularities of time, place and person as will enable the defendant to prepare to meet the charge. Nor do these requirements demand mathematical exactness. All that the law requires is, " reasonable certainty." In this view, I granted the

divorce in *Horne* v. *Horne*, although the place of the adultery charged was not distinctly located, and the time somewhat vaguely limited by the words "recently and repeatedly." In that case, I went to the verge of the law because two of the requisites of the circumstances were set forth with "reasonable certainty," and all of them were distinctly made by the proof. I am here asked to go a step further, and because the person is designated to dispense with the specifications of "time and place." For the place, according to this petition, is anywhere in Davidson county, and the time is any hour of two years, 1872 and 1873. It is obvious, if the statute means anything, such loose allegations do not amount to a compliance with its requirements.

The bill adds that the defendant is a common prostitute. Such a charge, if clearly established, would, I think, be sufficient to make out the charge of adultery. But the testimony is far from satisfactory. One of the two witnesses, both of whom are women, says the defendant consorted with loose characters, and the other that she was "excluded from society." Their positive proof is that she cohabited only with the person mentioned in the petition.

The evidence is not conclusive upon a point which, if true, could so easily have been shown.

These charges are made as upon the petitioner's information and belief. This is bad pleading, for the charges ought to be positive, although the petitioner may not have any personal knowledge of them, and the proof should be satisfactory.

But the most serious obstacle to the granting of the prayer of the petitioner, is the failure of the evidence to meet the requirements of § 2460 of the Code as construed by the supreme court. That section is in these words:

"If the cause assigned for the divorce, be adultery, it shall be a good defence and perpetual bar to the same, if the defendant allege and prove:

"1. That the complainant has been guilty of the like crime.

"2. That the complainant has admitted the defendant into

conjugal society and embraces after knowledge of the criminal act.

" 3. That the complainant, if the husband, allowed of the wife's prostitutions, and received hire for them.

" 4. That he exposed her to lewd company, whereby she became ensnared to the crime aforesaid."

In construing this section, the supreme court held in *Cameron* v. *Cameron*, 2 Cold. 375, as had been previously decided in regard to other sections of the divorce law, that it was not necessary for the defendant to set up these matters in defense to make the provisions operative, but that under this section, before the court can grant the divorce for adultery, it must affirmatively appear to the court by satisfactory proof of character or otherwise that the plaintiff has not been guilty of the like crime, or of the acts mentioned in subsections 2, 3 and 4.

No effort was made on the trial to supply these prerequisites by the proof. The witnesses were merely asked if the petitioner had not treated his wife well, and, perhaps, conducted himself properly as a husband; to which general queries the answers were equally general. But the same witnesses' distinctly proved that the wife's misconduct commenced before he left her, and did not show that he was either ignorant or innocent of it.

I am aware that a very loose practice has prevailed in divorce cases, both in the pleadings and the proof, and that it has been usual for the court to bring out the facts deemed by the judge necessary to entitle the applicant to relief. But this is a misconstruction of the origin of the practice. In the earlier days of the republic, when there was a higher appreciation of the sanctity of the marital relation than now prevails, the judges took a part in the examination of the witnesses, not to aid the plaintiff, in making out his case, but to prevent him from imposing on the court the semblance of truth for its reality. To this extent I reserve the right of intervening, but the parties seeking a divorce must make out the case according to the strict requirements of the law.

In view, however, of the loose practice which has heretofore prevailed in this court, and the fact that the petitioner's counsel may not have been aware of the change of practice, and especially because the petitioner's case seems to have merits, I will permit the petitioner to dismiss his petition without prejudice, and commence *de novo*, if he is advised so to do.